IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAISEL SALEH,              ) | |
|     Plaintiff,     ) | |
| v.                         ) | No. 3:16-CV-3427-B |
|                            ) | |
| DORVIN D. LEIS CO. OF TEXAS, LLC, ) | |
|     Defendant.    ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Dorvin D. Leis Company of Texas, LLC.

Plaintiff states that on June 21, 2016, he contacted Defendant to fix an air-conditioner thermostat that was malfunctioning. He states he reached Defendant's voice-mail and left a message, including his name and number. The next day, June 22, 2016, Defendant returned the call. Plaintiff states Defendant told him he would check on the price to fix the thermostat and call Plaintiff back. Plaintiff states that Defendant had not called back by 3:36 that day, so he called Defendant again and no one answered the phone. On June 25, 2016, Plaintiff emailed Defendant and informed him he planned to sue Defendant for discrimination unless Defendant paid him $1,500 by July 2, 2016. Plaintiff states Defendant did not respond.

On July 5, 2016, Plaintiff filed suit against Defendant in state court. *Saleh v. Dorvin D.*

*Leis Co. Of Tex., LLC*, No. DC-16-07972 (68th Dist. Ct., Dallas County, Tex., July 5, 2016). On October 25, 2016, the court dismissed the complaint without prejudice for want of prosecution. The court also granted Defendant a protective order against Plaintiff. On October 18, 2016, Plaintiff filed a second state complaint against Defendant. *Saleh v. Dorvin D. Leis Co. Of Tex., LLC*, No. 16-13596 (68th Dist. Ct., Dallas County, Tex., Oct. 18, 2016). Plaintiff alleges Defendant conspired with Plaintiff's process server from the first case. The case is currently pending.

In the instant complaint, Plaintiff claims Defendant's failure to return his call was due to racial and religious discrimination. Plaintiff states his name shows "he is Muslim and possibly Arab." (Compl. at 4.) Plaintiff seeks $150,000 in damages.

## II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

Plaintiff's complaint fails to state a claim for relief that is plausible on its face. Plaintiff states Defendant did not call him back because his name shows he is Muslim and possibly Arab. Defendant, however, did return Plaintiff's call the next day. Defendant then stated he would check prices for Plaintiff. Defendant did not call Plaintiff back that day, so Plaintiff called him at 3:36, but did not reach anyone. Three days later, Plaintiff sent Defendant an email informing Defendant he would sue him unless Defendant paid him $1,500. Plaintiff's claim that Defendant did not call him back with the pricing within three days because of religious or racial discrimination is purely speculative with no facts to support the claim. Plaintiff's complaint should be dismissed as frivolous.

### IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed as frivolous under § 1915(e).

Signed this 23 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).